IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                               Criminal Action No. 5:15CR38-02
                                                     (STAMP)
BONNIE JEAN BUTLER,

       Defendant.

**<u>MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I. <u>Background</u>

The defendant was named in three counts of a 19-count indictment in this above-styled criminal action. Counsel for the defendant filed a motion to suppress regarding evidence seized from her residence. ECF No. 62. Before a hearing was conducted on that motion to suppress, the defendant pleaded guilty to Count Three of the indictment, which was aiding and abetting in the possession of material used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 843(a)(6) and (d)(2) and 18 U.S.C. § 2. ECF Nos. 84 and 85. Because the defendant entered a plea of guilty to Count Three, United States Magistrate Judge James E. Seibert entered a report and recommendation regarding the defendant's motion to suppress. ECF No. 82. In light of the defendant's plea, the magistrate judge recommended that the defendant's motion to suppress be denied as moot. The defendant did not file any objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

## III. Discussion

As the Supreme Court of the United States has stated, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Moreover, "Article III's 'case or controversy' requirement prevents federal courts from deciding cases that are moot." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698 (3d Cir. 1996) (citing Liner v. Jafco, Inc., 375 U.S. 301 n.3 (1964)). For instance, a claim becomes moot when "the claimant receives the relief he or she sought to obtain through the claim." Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002).

Under the circumstances, the defendant's motion to suppress is clearly moot. The record shows that the defendant entered into a plea agreement before this Court. ECF No. 85. Following the defendant's plea hearing, this Court vacated the defendant's pretrial conference and trial. ECF No. 86. Therefore, the defendant's motion to suppress is now irrelevant and, moreover, the issue in that motion to suppress is no longer "live." Powell, 395 U.S. at 496. After reviewing the report and recommendation under a clearly erroneous standard of review, this Court is not left with a "definite and firm conviction that a mistake has been committed." United States Gypsum Co., 333 U.S. at 395. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 82) is AFFIRMED AND ADOPTED. Therefore, the defendant's motion to suppress (ECF No. 62) is DENIED AS MOOT.

Additionally, because no party filed objections to the report and recommendation, the defendant waived his right to appeal a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this memorandum opinion and order to counsel of record herein, to the defendant, to the United States Probation Office, and to the United States Marshals Service.

DATED:    September 22, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE